IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALAMIN SAMAD,

        Plaintiff,                      No. CIV S-09-2425 GEB EFB P

    vs.

STEPHANIE M. ADRAKTAS, et al.,

        Defendants.            ORDER AND
                                           FINDINGS AND RECOMMENDATIONS
_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant.

////

1    To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant
2 deprived plaintiff of a right secured to him by the Constitution or laws of the United States while
3 acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

4    In his October 22, 2009 amended complaint, plaintiff names as defendant Stephanie
5 Adratkas, who allegedly represented plaintiff in habeas corpus proceedings before the Ninth
6 Circuit Court of Appeals as well as the United States Supreme Court.  Plaintiff alleges she
7 committed malpractice, malice and fraud.  Plaintiff alleges that he brought his malpractice claim
8 to the attention of the State Bar of California, through Scott J. Drexel, Chief Trial Counsel, and
9 that Drexel failed to investigate plaintiff's claim.  *Id.*  Plaintiff names Drexel as a defendant.
10 Plaintiff also names the State Bar of California as a defendant.  Plaintiff claims that defendants
11 violated his Sixth Amendment right to counsel.  Plaintiff seeks unspecified injunctive relief as
12 well as monetary damages.

13    Plaintiff's allegations do not state a cognizable claim for relief under § 1983.  The Sixth
14 Amendment concerns procedural protections in the context of criminal prosecutions only, and
15 plaintiff's malpractice and negligence claims arising from his habeas proceedings do not result in
16 a constitutional violation.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no
17 constitutional right to counsel when mounting collateral attacks upon convictions, as "the right
18 to appointed counsel extends to the first appeal of right, and no further"); *Wainwright v. Torna*,
19 455 U.S. 586, 587-88 (1982) (no constitutional right to counsel when pursuing discretionary
20 state appeals or certiorari petitions).

21    Plaintiff may have state court remedies available in an action for professional negligence,
22 though the court expresses no opinion on the viability or merits of such an action.  Attorneys in
23 private practice are not state actors, and therefore do not act under color of state law, an essential
24 element of a § 1983 claim.  *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,
25 1161 (9th Cir. 2003); *see also Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public
26 defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's

traditional functions).  Additionally, plaintiff's claims for legal malpractice do not come within the jurisdiction of the federal courts.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, it is hereby RECOMMENDED that this action be dismissed with prejudice for plaintiff's failure to state a claim.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE