IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALAMIN SAMAD,

        Plaintiff,                      No. CIV S-09-2425 GEB EFB P

    vs.

STEPHANIE M. ADRAKTAS, et al.,

        Defendants.           <u>ORDER</u>

                                /

        Plaintiff, a state prisoner proceeding without counsel, brought this action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        On March 26, 2010, the court dismissed this action pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief could be granted. Dckt. No. 16. On April 7, 2010, plaintiff filed a motion for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure, on the ground that he should have been given leave to amend his complaint. Dckt. Nos. 18-19.[1]

---

[1] On August 16, 2010, plaintiff filed a motion to expedite ruling on the motion for reconsideration. Dckt. No. 20. Plaintiff also filed a motion for extension of time to file a "Motion for Correction." Dckt. No. 21. On the same day, plaintiff filed a "Motion for Correction," requesting that the court rule on the earlier filed motion for reconsideration. Dckt

1  Although motions to reconsider are directed to the sound discretion of the court,
2  *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),
3  considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 230(j)
4  requires that a party seeking reconsideration of a district court's order must brief the "new or
5  different facts or circumstances . . . [which] were not shown upon such prior motion, or what
6  other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which
7  provides that the decisions on legal issues made in a case "should be followed unless there is
8  substantially different evidence . . .  new controlling authority, or the prior decision was clearly
9  erroneous and would result in injustice."  *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d
10 391, 392 (9th Cir. 1981); *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985), *cert.*
11 *denied*, 475 U.S. 1064 (1986).

12  Plaintiff has failed to demonstrate any new or different facts or circumstances
13 which did not exist or were not shown when the court dismissed this action pursuant to §
14 1915A(b), and thus, his motion is denied.  *See* L.R. 230(j); *see also Lopez v. Smith*, 203 F.3d
15 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to
16 grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave
17 to amend if a complaint lacks merit entirely.").  Plaintiff has not identified any other ground that
18 would justify relief from judgment.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS,*
19 *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for reconsideration).
20 ///
21 ///
22 ///
23 ///
24 ///
25 ──────────────
26 No. 22.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's April 7, 2010 motion to alter or amend the judgment, is DENIED.

2. Plaintiff's August 16, 2010 motion to expedite, and September 27, 2010 request for an extension of time and motion for correction, are denied as moot.

Dated: October 8, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge